## DEAR CHECK QUONG v. UNITED STATES.

### No. 9347.

United States Court of Appeals
District of Columbia.

Argued Jan. 6, 1947.

Decided Feb. 10, 1947.

---

[2] Stebbins v. Duncan, 1883, 108 U.S. 32, 2 S.Ct. 313, 27 L.Ed. 641.

Mr. T. Edward O'Connell, of Washington, D. C., with whom Mr. Thomas A. Flannery, of Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Sylvan Schwartz, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Messrs. Edward M. Curran, United States Attorney at the time the record was filed, and Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., also entered appearances for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

Dear Check Quong appeals from a judgment of the District Court of the United States for the District of Columbia entered pursuant to verdicts of a jury finding him guilty under four counts charging the unlawful sale of narcotics.[1]

This case is almost identical with that of Higgins v. United States, —— U.S.App. D.C. ——, 160 F.2d 222. There, as here, an informer employed by the government was searched by a narcotic agent, given money and told to make a purchase; then the agent followed the informer, observed the transaction between the appellant and the informer, and thereafter received from the latter the incriminating packet. In the Higgins case, the informer refused to testify when placed on the stand, with the result that the only evidence for the prosecution was the testimony of the narcotic agent, who had never lost sight of the informer during the transaction and who received the prohibited drug from him. The slight difference here is that in this case the informer was not placed on the witness stand.

■ It is said by the appellant that the evidence was not sufficient to withstand a motion for acquittal at the close of the government's case. We said in the Higgins case, concerning practically identical evidence, "The evidence to this effect, if believed by the jury, as it was, was sufficient to justify the verdict of guilty." The quoted sentence is equally applicable to this case.

■ Appellant complains that "There was an illegal, unfair and unconstitutional shift of the burden of proof in that the legislative presumption in the Export Import Drug Act requiring a defendant to explain away possession of narcotics or being held to have guilty knowledge of their illegal importation forced the appellant to take the witness stand, thus placing in evidence his prior conviction."[2]

This constitutional criticism of the statute has been rejected by the Supreme Court. Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 472, 69 L.Ed. 904. Nor

---

[1] Harrison Narcotic Act, 53 Stat. 271 and 272, §§ 2553(a) and 2554(a) of Title 26, U.S.C.A. Int.Rev.Code; Import Export Act, 42 Stat. 596, 21 U.S.C.A. § 174.

[2] The Export Import Act, 42 Stat. 596,

did the statute compel Dear Check Quong to take the stand. As was said in the Yee Hem case, "The statute compels nothing. It does no more than to make possession of the prohibited article prima facie evidence of guilt. It leaves the accused entirely free to testify or not as he chooses."

■ With respect to the appellant's admission that he had been previously convicted, it is enough to point out that he volunteered that information on direct examination.

■■ Among the assignments of error is the novel charge that the court erred in refusing to inform the jury that the testimony of the absent informer, had he been present and testified, should have been viewed with suspicion. It appears from the record that the government was unable to produce the informer. An abstract instruction concerning the effect of the testimony he might have given had he been present was properly refused. Nor did the absence of the informer violate the appellant's right to be confronted with the witnesses against him. Curtis v. Rives, 75 U.S.App. D.C. 66, 68, 123 F.2d 936, 938.

Relying upon our decision in Fletcher v. United States, — U.S.App.D.C. —, 158 F.2d 321, 322, the appellant seeks a reversal on the further ground that there was no proper search of the informer to determine whether he had narcotics concealed on his person prior to the alleged purchases. In the Fletcher case we noticed that the search consisted "merely in looking through his coat, vest and trousers pockets." The informer against Fletcher was able, after the search which disclosed neither narcotics nor money, to engage a taxicab to take him to the place where he claimed to have made the purchase, so the preliminary search in that case was demonstrated to be totally ineffective.

■ In the case at bar, however, the preparatory search of the informer was much more thorough and seems to have been effective. His clothing consisted of a sports shirt, trousers with leather belt, socks and shoes. He was without a coat, tie or hat. One agent made the search in the presence of another. He examined the informer's hair, searched under his collar, explored his pockets, shirt cuffs, the inner lining of his trousers at the waist, his belt and shoes, which were removed. The search revealed nothing except two dimes and a streetcar token. Subsequent to the purchase with funds furnished by the agents, a second search revealed the two dimes and the contraband drug, the streetcar token having been used in the presence of one of the agents. The second preparatory search was substantially the same. We deem these searches sufficient preparation, in the facts of this case, for sending the informer forth on his missions.

We perceive no error in the record which would justify disturbing the judgment.

Affirmed.

---

21 U.S.C.A. § 174, includes the following:

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."