**Pat McDONOUGH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 5086.

United States Court of Appeals Tenth Circuit.

Nov. 12, 1955.

Rehearing Denied Dec. 3, 1955.

Malcom E. Lafargue, Shreveport, La., for appellant.

Frank D. McSherry, Muskogee, Okl., and Harry G. Fender, Wagoner, Okl. (Paul M. Brewer, Wewoka, Okl., was with them on the brief), for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a conviction for violations of the internal revenue laws relating to transportation of intoxicating liquor into the dry state of Oklahoma, and the payment of wholesale liquor dealers occupational tax.

Count one of the indictment charged in substance that during the period from July 1 to October 18, 1951, in the Eastern District of Oklahoma, appellant, Pat McDonough, together with Ralph Hudson, Harvey Boutwell, Randolph McGrew and Ellis Nasif, in violation of Section 371, Title 18 U.S.C., conspired to transport, bring and import intoxicating liquor into Grady County, Oklahoma from outside the state of Oklahoma in violation of Section 1262, Title 18 U.S.C. Count two charged that during the same period appellant, Hudson, Boutwell and McGrew conspired to carry on the business of a wholesale liquor dealer without paying the special tax as required by Section 3253 of Title 26 U.S.C. Counts three, four and five did not include appellant. Counts six, seven, eight, nine and ten charged appellant, Hudson, Boutwell and McGrew with the substantive offenses of transporting or importing intoxicating liquor into Oklahoma on various specified dates. Count eleven charged these same defendants with carrying on the business of a wholesale liquor dealer in the Eastern District of Oklahoma without paying the special tax as required by law. Hudson, McGrew and Boutwell entered pleas of guilty. Appellant and Nasif were convicted on a jury trial on counts one, six, seven, eight, nine, ten and eleven and acquitted on count two relating to conspiracy to carry on the business of a wholesale liquor dealer without paying the special tax. Appellant was sentenced to pay a total fine of $6,000, and this is an appeal from that judgment.

Appellant first challenges the jurisdiction of the trial court on the ground that the offenses as charged in count one were cognizable only in the Western District of Louisiana where the conspiracy was alleged to have been formed. There is no merit to this contention. It is well settled that when a conspiracy is charged, the trial court has jurisdiction if any overt act in furtherance thereof is committed within the territorial jurisdiction of the court, even though other overt acts be alleged to have occurred elsewhere. Moomaw v. United States, 5 Cir., 220 F.2d 589; United States v. Cohen, 3 Cir., 197 F.2d 26; Kott v. United States, 5 Cir., 163

F.2d 984; Ladner v. United States, 5 Cir., 168 F.2d 771; United States v. Bazzell, 7 Cir., 187 F.2d 878. Count one of the indictment specifically alleged overt acts committed in the Eastern District of Oklahoma, and the appellant was therefore properly indicted and tried in that jurisdiction.

It is contended that the indictment is fatally defective because (1) it does not set forth the method, manner and means by which the conspiracy was formed and accomplished; and (2) it is duplicitous for the reason that the substantive counts charged more than one offense, that is, that he "did transport, bring and import" constituted one crime; "caused to be transported" charged a second crime, and "aided, abetted and assisted in the transportation" charged a third crime. After alleging the conspiracy to bring intoxicating liquor into Oklahoma, count one contains ten overt acts alleged to have been committed by one or more of the conspirators in furtherance of the conspiracy, and it certainly cannot be said that appellant was not sufficiently apprised of the charges against him so that he could properly prepare his defense. Also, as stated by this court in Troutman v. United States, 10 Cir., 100 F.2d 628, 631, "An indictment charging a statutory offense must follow the statute creating it; but where the statute denounces several acts as a crime, they may be charged in one indictment or in a single count if they are connected in the conjunctive. An indictment drawn in that manner is not duplicitous, and it suffices to prove any one or more of the charges." The indictment here follows the statute and it is sufficient.

The sufficiency of the evidence to sustain the charges in the indictment is challenged, and although conflicting, it may be summarized as follows. In 1951, one Cole B. Thomas was employed by Hudson to transport liquor into the state of Oklahoma. Through contact with Boutwell, seven or eight truck loads of liquor were purchased by Hudson from the Nasif Beverage Company, Vicksburg, Mississippi and transported by Hudson and Thomas to a farm in Grady County, Oklahoma owned by McGrew. The liquor was stored at the McGrew farm and sold by him in various quantities. After a truck load of liquor was seized by federal officers at the Nasif Beverage Company on June 4, 1951, Hudson began looking elsewhere for a source of liquor. Later he told Thomas to go to the Vidalia Distributing Company in Vidalia, Louisiana, owned by appellant, Pat McDonough. Hudson was waiting for him at the Distributing Company on Thomas' arrival, and had already purchased a load of liquor which was placed in Thomas' truck and taken to the McGrew farm in Oklahoma.

During August and September 1951, Hudson made approximately thirteen truck-load purchases from the Vidalia Distributing Company, consisting of approximately 2,500 cases of liquor. During the latter part of September 1951, state officers made two raids on the McGrew farm, seizing 109 cases of liquor which were later traced by serial numbers to appellant's Distributing Company. In this connection, appellant testified that he regularly made bids on seized liquor in Oklahoma, and while in Chickasha called upon the sheriff and discovered the liquor bearing his serial number; that this was the first knowledge he had that the liquor purchased at his place was being transported into Oklahoma; that when he returned to Vidalia he reported the matter to the Alcohol Tax Unit inspectors, and gave instructions to his employees not to make any further sales to Hudson and Thomas. But Thomas testified that appellant knew the liquor was being taken into Oklahoma and had an agreement with Hudson that if he lost any, he would buy it back for him at the sheriff's price, plus freight; that on one occasion appellant asked him and Hudson for help in buying some seized whiskey from the sheriff at Lawton, Oklahoma, because he knew that Hudson knew the sheriff. The evidence was entirely sufficient to show the exist-

ence of the conspiracy and the appellant's complicity in it.

■ During the course of the trial, appellant sought to introduce evidence tending to prove that Thomas had purchased liquor from various other wholesalers in Louisiana in addition to his purchases from the Vidalia Distributing Company within the period covered by the indictment. Such evidence was ruled inadmissible and appellant contends that this ruling was highly prejudicial to his interests and constituted reversible error. The trial court correctly excluded this evidence. The sole question for the jury was whether or not appellant was guilty of the offenses as charged, and the fact that other liquor dealers have sold liquor to some of his co-defendants is not material; nor would it be material evidence of appellant's guilt or innocence to ascertain whether or not any of the other liquor dealers had been prosecuted for violations of the internal revenue laws. The fact that one violator of the law escapes punishment is no evidence of the guilt or innocence of another. Such evidence would only serve to confuse the jury and distract their attention from the real issue of the case.

■ Appellant complains of the trial court's ruling on the government's objection to the admission of testimony of Clyde Pace, an investigator of the Alcohol Tax Unit. By this witness the appellant sought to corroborate his own testimony to the effect that after he discovered the liquor in Chickasha, Oklahoma bearing his serial numbers, he reported the matter to investigator Pace, telling him that it was part of the whiskey sold by him to Thomas. The trial court sustained the government's objection on the grounds that such proffered testimony was a self-serving declaration, and also that it was irrelevant and immaterial. The testimony was inadmissibly self-serving, tending only to multiply self-exonerating statements made by appellant. See Busch v. United States, 8 Cir., 52 F.2d 79; Herman v. United States, 5 Cir., 48 F.2d 479; Shreve v. United States, 9 Cir., 103 F.2d 796; Lane v. United States, 9 Cir., 142 F.2d 249.

Appellant contends that the trial court erred in permitting two government witnesses to testify concerning their activities with appellant because neither was named as a co-conspirator in the indictment; that only the acts or declarations of an alleged conspirator are admissible against a co-conspirator. This contention is wholly without merit, for it would be anomalous to say that the conviction of one defendant must rest on the testimony of a co-defendant who cannot be compelled to testify.

■ Appellant contends that his conviction should be reversed because the trial court unduly restricted cross-examination of government witnesses, calling our attention to twenty enumerated pages throughout the record where the trial court sustained objections to questions asked on cross-examination. After a thorough examination of the testimony appearing on these pages, and without detailing it here, it is sufficient to say that in each instance the trial court did not abuse its discretion and properly sustained objections to improper cross-examination having no bearing on the issues involved.

■ The appellant complains of the refusal of the court to give numerous requested instructions, and at the conclusion of the court's instructions and out of hearing of the jury, objected generally for failure to "give in the language requested the special charges filed by the defendants * * *." The appellant did not, however, distinctly state the matter to which he objected or the grounds of his objections as required by Rule 30, Fed.Rules Crim.Proc. 18 U.S.C. But even so, we can find no fault with the trial court's instructions, and beyond the mere refusal of the trial court to instruct the jury in the language requested, we are unable to determine from the brief the matter to which appellant objects or the grounds therefor.

Other assignments of error do not warrant treatment here. The judgment is affirmed.