**Marcelino Perea VELASQUEZ, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 5515.**

United States Court of Appeals
Tenth Circuit.

April 18, 1957.

Hartley & Buzzard and Dan B. Buzzard, Clovis, N. M., were on the brief for appellant.

Paul F. Larrazolo, U. S. Atty., and James A. Borland, Asst. U. S. Atty.,

Albuquerque, N. M., were on the brief for appellee.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

BRATTON, Chief Judge.

The indictment in this case contained three counts. The first count charged that the defendant received, concealed, and facilitated the transportation of five ounces of processed opium which he then and there well knew had been imported and brought into the United States. The second count charged that the defendant sold five ounces of processed opium, such sale not being made in pursuance of a written order of the purchaser on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate. And the third count charged that the defendant sold five ounces of processed opium not in or from an original stamped package. The court submitted to the jury the charges contained in the first and second counts. The charge contained in the third count was not submitted to the jury. The defendant was found guilty upon the first and second counts; he was sentenced to imprisonment for the period of five years on each count with provision that the sentences should run consecutively; and he appealed.

One ground of the motion for a directed verdict of not guilty upon the charge laid in the first count of the indictment was the lack of proof of importation of the opium into the United States. There was evidence that appellant had the opium in his possession and that he concealed it, but there was no evidence that it had been imported into the United States. Section 174, Title 21, United States Code Annotated, makes it a penal offense to receive, conceal, buy, sell, or facilitate the transportation, concealment, or sale of any narcotic drug after it has been imported into the United States, knowing it to have been imported contrary to law. And the statute provides that whenever the defendant on trial is shown to have, or to have had, possession of the narcotic drug, "such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." The quoted language in the statute concerns itself solely with procedure. It deals exclusively with a rule of evidence. It makes proof of one fact prima facie evidence of another related fact. It makes proof of possession of the prohibited commodity prima facie evidence of importation contrary to law. And there is no longer any area for doubt concerning the power of Congress to provide by statute that possession of opium shall be sufficient evidence to warrant conviction, unless the defendant explains such possession to the satisfaction of the jury. Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; Ng Choy Fong v. United States, 9 Cir., 245 F. 305, certiorari denied 245 U.S. 669, 38 S.Ct. 190, 62 L.Ed. 539; Gee Woe v. United States, 5 Cir., 250 F. 428, certiorari denied 248 U.S. 562, 39 S.Ct. 8, 63 L.Ed. 422; Charley Toy v. United States, 2 Cir., 266 F. 326, certiorari denied 254 U.S. 639, 41 S.Ct. 13, 65 L.Ed. 452; Rosenberg v. United States, 9 Cir., 13 F.2d 369; Hooper v. United States, 9 Cir., 16 F.2d 868, certiorari denied 274 U.S. 743, 47 S.Ct. 587, 71 L.Ed. 1321; United States v. Moe Liss, 2 Cir., 105 F.2d 144; Dear Check Quong v. United States, 82 U.S. App.D.C. 8, 160 F.2d 251. Appellant's possession of the opium having been established, it was not essential that the government introduce additional evidence showing affirmatively that the opium had been imported into the United States contrary to law.

Another ground of the motion for a directed verdict of acquittal upon the charge contained in the first count of the indictment was that the provision in the statute making proof of possession of a narcotic drug sufficient evidence to warrant conviction unless the

defendant explains such possession to the satisfaction of the jury is unconstitutional. The contention does not call for extended discussion. It is enough to say without laboring the question that the constitutional validity of the provision in the statute has consistently withstood like challenge. Yee Hem v. United States, supra; Dear Check Quong v. United States, supra; Stein v. United States, 9 Cir., 166 F.2d 851, certiorari denied 334 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768.

■ Error is predicated upon the admission of the testimony of the witness Salter. A word of background is necessary in order to understand the circumstances giving rise to the question presented. The witness Hernandez testified that he had served as an agent of the Bureau of Narcotics; that while serving in that capacity, he purchased a quantity of narcotics from appellant; that about seventy days later, Salter, another agent of the Bureau of Narcotics, concealed himself in the trunk of a government automobile; that Hernandez then drove the automobile to the place of business of appellant; that while standing near the trunk Hernandez and appellant had a conversation; and that in the course of the conversation appellant said that he had sold a can of opium to Hernandez and that nothing had happened since. Thereafter, Salter testified that he concealed himself in the trunk of the automobile; that after being driven a short distance, the automobile stopped; that Hernandez and another person engaged in a conversation while near the trunk; and that in the course of the conversation, the other person stated among other things that nothing happened when he sold the can of opium to Hernandez before. Objection was made to the testimony of the witness Salter upon the ground that it was self-serving. The testimony was not open to the objection directed against it. It was admissible for the purpose of showing an incriminating admission made by ap-

pellant. On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270. And it was also admissible for the purpose of corroborating the testimony of the witness Hernandez. Lott v. United States, 5 Cir., 230 F.2d 915, certiorari denied 351 U.S. 953, 76 S.Ct. 848, 100 L.Ed. 1477.

■ The question of double punishment is presented. The substance of the argument is that the first and second counts of the indictment were predicated upon a single transaction, and that the imposition of separate sentences upon the two counts with provision that the sentences should run consecutively amounted to double punishment for a single offense. The accepted test to be applied in determining the identity of offenses charged in two or more indictments or in two or more counts in a single indictment is whether the same evidence is required to establish the several indictments or the several counts. If so, there is identity of offenses. But if each indictment or each count requires proof of a fact or element not required by the others, the charges are separate. Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L. Ed. 1153; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Mills v. Aderhold, 10 Cir., 110 F.2d 765; Beacham v. United States, 10 Cir., 218 F.2d 528.

■ The elements of the charge contained in the first count of the indictment were receiving, concealing, and facilitating the transportation of opium. The sale of such commodity was not an element. Conviction upon that count was warranted upon proof that appellant either received, concealed, or facilitated the transportation of the drug. Proof of a sale was not required. The element of the offense charged in the second count was the sale of opium. Conviction upon that count was warranted upon proof showing that the opium was sold not in

pursuance of a written order of the purchaser on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate. Proof of receipt, concealment, or facilitating the transportation of the drug was not required. It is clear that the two counts charged separate and distinct offenses and that the imposition of the two sentences to run consecutively did not constitute double punishment for a single crime. Silverman v. United States, 1 Cir., 59 F.2d 636, certiorari denied 287 U.S. 640, 53 S.Ct. 89, 77 L.Ed. 554; Corollo v. Dutton, 5 Cir., 63 F.2d 7; Bruno v. United States, 9 Cir., 164 F.2d 693, certiorari denied 333 U.S. 832, 68 S.Ct. 459, 92 L. Ed. 1117.

■■ Finally, the court refused a requested instruction. The substance of the instruction was that if the jury believed from the evidence that appellant sold the narcotic drug to the witness Hernandez, then Hernandez was authorized under the law immediately to arrest and incarcerate appellant. The instructions given to the jury should be confined to the issues in the case and the pertinent facts developed by the evidence. And even though a requested instruction may be a correct statement of abstract law, it should be refused if it is directed to a matter outside the issues presented and the evidence adduced. Morris v. Harmer's, 7 Pet. 554, 8 L.Ed. 781; Larson v. Calder's Park Co., 54 Utah 325, 180 P. 599, 4 A.L.R. 731; Ralston v. Metropolitan Life Insurance Co., 90 Utah 496, 62 P.2d 1119; Leonard v. Woodward, 305 Mass. 332, 25 N.E.2d 705, 127 A.L.R. 999; McClure v. Village of Browns Valley, 143 Minn. 339, 173 N.W. 672, 5 A.L.R. 1168. Whether Hernandez was authorized to arrest and incarcerate appellant immediately after the making of the sale of the opium referred to in the indictment bore no pertinency to the issues in the case and could have no relevancy in determining the guilt or innocence of appellant. The requested instruction was therefore properly refused.

The judgment is affirmed.