**Ivan L. CATHCART, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5544.**

United States Court of Appeals Tenth Circuit.

April 26, 1957.

Writ of Certiorari Denied June 17, 1957.

See 77 S.Ct. 1387.

Leland M. Coulter, Denver, Colo., was on brief for appellant.

William G. Walton, Cheyenne, Wyo. (John F. Raper, Jr., Cheyenne, Wyo., was with him on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

The appellant appeals from a conviction and judgment upon an information alleging that he "did unlawfully and knowingly steal and did aid and abet in stealing from a railroad car * * *

moving in interstate commerce and from a passenger thereon" a mink cape in violation of Section 659 of Title 18 U.S.C.

■ The information, says the appellant, fails to allege a cognizable offense since on its face there was no theft from an interstate "shipment". Such argument is without merit. The statute expressly provides that "Whoever * * * steals, or unlawfully takes * * * from any railroad car * * * operated by any common carrier moving in interstate * * * commerce *or from any passenger thereon* any * * * goods, or chattels, or * * * receives, or has in his possession * * * goods * * * knowing the same to have been * * * stolen" shall be fined not more than $5,000 or imprisoned for more than ten years, or both. (Emphasis added.)

■ Additionally, appellant takes the position that the information is defective for failing to formally plead a felonious intent. We have said that such formalities are no longer necessary or proper under the new rules of pleading. All that is required or permissible is a "plain, concise and definite written statement of the essential facts constituting the offense." Rule 7(c), Federal Rules of Criminal Procedure, 18 U.S.C.; see Madsen v. United States, 10 Cir., 1948, 165 F.2d 507, 509.

■ And, the information is likewise challenged as duplicitous, in that it alleges (1) "did unlawfully and knowingly steal"; (2) "and did aid and abet in stealing"; (3) "and did unlawfully and knowingly receive and have in * * * possession" the goods in question. We have stated on numerous occasions that an indictment or information is not fatally duplicitous if couched in the language of the statute, even though it charges more than one offense in the conjunctive. McDonough v. United States, 10 Cir., 1955, 227 F.2d 402; Troutman v. United States, 10 Cir., 1938, 100 F.2d 628 and cases cited.

The judgment is Affirmed.