**Ambrose Badillo CAUDILLO, Joe Romero, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 15734.**

United States Court of Appeals
Ninth Circuit.

March 26, 1958.

**514**

Claude Vibart Worrell, Frank E. Loy, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Rembert T. Brown, Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE and BARNES, Circuit Judges, and HAMLIN, District Judge.

BARNES, Circuit Judge.

Caudillo appeals from his conviction on three counts (two of sale and one of possession), and Romero appeals from his conviction on two counts (both of possession), charging violations of 21 U.S.C.A. § 176a.[1] Appellants were tried and convicted by a jury.

21 U.S.C.A. § 176a prohibits the importation of marihuana, or the receipt, sale or concealment, or the facilitation in any manner of the sale or transportation or concealment of such illegally imported marihuana. It also contains, after a description of the proscribed crime, the following language:

> "Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, *such possession shall be deemed sufficient evidence to authorize conviction* unless the defendant explains his possession to the satisfaction of the jury." [Emphasis added.]

Both appellants urge that the provision above is unconstitutional because there is no rational connection between the statutory presumption and the facts proved thereby. Caudillo alone urges as a second ground that any presumption

---

1. 21 U.S.C.A. § 176a: "Smuggling of marihuana; penalties, evidence, definition of marihuana.

"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, *or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana* after being imported or brought * * * into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned for not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.

"As used in this subsection, the term 'marihuana' has the meaning given to such term by section 4761 of the Internal Revenue Code of 1954. * * * *" Narcotic's Control Act of 1956 [Emp. add.] (Effective July 19, 1956). See 1956 U.S. Cong. & Admin.News, pp. 3274, 3280. "A legislative presumption is included which would make the unexplained possession of marihuana by the defendant sufficient evidence for conviction."

was defeated as a matter of law by evidence received in rebuttal.

There is an almost identical provision contained in 21 U.S.C.A. § 174, creating a presumption relating to possession of any narcotic drugs,[2] and a somewhat similar provision in 21 U.S.C.A. § 181, creating the same presumption with respect to opium prepared for smoking.[3]

The Supreme Court (Yee Hem v. United States, 1925, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904) and this Court (Hooper v. United States, 9 Cir., 1926, 16 F.2d 868; Rosenberg v. United States, 9 Cir., 1926, 13 F.2d 369) have held the presumption of unlawful importation of narcotic drugs arising from possession not unconstitutional. "The statute has laid down a rule, not of substantive law * * * but merely of evidence." Stein v. United States, 9 Cir., 1948, 166 F.2d 851, certiorari denied 334 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768; Ng Choy Fong v. United States, 9 Cir., 1917, 245 F. 305, 307. Requirement of proof "to the satisfaction of the jury" is not unconstitutional; Gonzales v. United States, 9 Cir., 1947, 162 F.2d 870, 871. It is not unconstitutional as forcing defendant to testify; Yee Hem v. United States, supra; Dear Check Quong v. United

States, 1947, 82 U.S.App.D.C. 8, 160 F. 2d 251; Mullaney v. United States, 9 Cir., 1936, 82 F.2d 638, 641; Rosenberg v. United States, supra.

The essence of appellants' joint claim of unconstitutionality is that marihuana, unlike opium, can be, and is grown in California and other southwestern states of the United States, and hence it cannot rationally be inferred from mere possession that that particular marihuana was knowingly illegally imported.

The evidence without question identifies the substance possessed and sold by the defendants as marihuana, and that neither defendant upon demand, produced the certificate or form relating to the taxation of the transfer of marihuana required by Internal Revenue Code § 4744.[4] No direct evidence was produced as to whether the marihuana was grown within or without the United States.

However, there was testimony that the marihuana was "unmanicured," i. e., it had seeds and stems and sticks mixed with the marihuana leaves. The seeds, stems and sticks would indicate the marihuana was at least partly made up from the flowering top of a marihuana plant and not solely from the leaves. The plant so flowers at maturity. Very few mature

2. 21 U.S.C.A. § 174. Penalty, evidence. "If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

3. 21 U.S.C.A. § 181: "Presumption and burden of proof as to importation of smoking opium. All smoking opium or

opium prepared for smoking found within the United States shall be presumed to have been imported contrary to law, and the burden of proof shall be on the claimant or the accused to rebut such presumption."

4. Internal Revenue Code of 1954, 26 U.S.C. § 4744. Unlawful possession "(a) Persons in general.—It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 4741(a). * * * *" See Government's Exhibits 5, 6.

marihuana plants are found growing in California. In the grower's haste to secure the marihuana, the leaves are used when the plants are immature and before they go to seed. A Los Angeles County Deputy Sheriff, called as an expert witness by defendants, testified he knew of about a dozen seizures of plants during the year before the trial in Los Angeles County. The number of plants seized ranged from one or two small plants to one seizure of two hundred and eighteen plants two years before. Only once had a mature (nine foot) plant with flowering top been seized to the memory of defendants' expert. In the manicured state one cannot tell the difference between marihuana grown in the United States and that grown outside it.

From the foregoing, there existed a factual situation from which the jury could draw the inference that it was extremely unlikely that parts of flowering tops would be found in marihuana grown in the State of California.

The jury was instructed that they must weigh the evidence produced by defendants as to the origin of the marihuana, and that the ultimate burden was on the government—that the statutory presumption merely created an inference in the government's favor.[5]

5. "In this connection, Section 176a of Title 21 of the United States Code [Annotated] has the following to say:

"'Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marijuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.'

"The statute just read does not change the fundamental rule and was not intended to change the fundamental rule that the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt. Nor does it impose upon a defendant the burden of producing proof that the marijuana was unlawfully (sic) imported, or any other evidence. For that matter, as previously stated, the burden is always upon the prosecution to prove guilt beyond a reasonable doubt.

"What this statute does do is to create an inference in favor of the United

Appellants correctly argue that the second paragraph of § 176a creates a presumption which if followed supplies two elements of the crime charged: (1) illegal importation of the marihuana, and (2) knowledge by the defendants of the illegal character of the marihuana. Pon Wing Quong v. United States, 9 Cir., 1940, 111 F.2d 751.

Both appellants rely heavily in their constitutional defense on Tot v. United States, 1943, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519. There, Section 2(f) of the Federal Firearms Act made it unlawful for one convicted of a crime of violence or who was a fugitive from justice to receive any firearms or ammunition which had been transported in interstate commerce, and that "the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this Act." [6]

The appellants there, as here, attacked the presumption created by the statute on the ground that there is no rational connection between the facts proved and the ultimate fact presumed, and that the statute casts an unfair and practically impossible burden on a defendant.

States. If you, the jury, should find from the evidence beyond a reasonable doubt and to a moral certainty that there was possession, as that term will be defined to you, on the part of the defendant as to the respective count in which he might be charged, such possession permits, but does not compel, you to draw the inference that the marijuana was imported or brought into the United States contrary to law and that such defendant knew it.

"As against that inference there is a possible contrary inference that the marijuana was not imported contrary to law which you may reach from a consideration of the whole evidence, including the evidence that marijuana grows in this county and elsewhere in California and the southwestern states of the United States and all of the other evidence relating to its growth." Tr. pp. 380, 381.

6. 15 U.S.C.A. § 902(f).

The Supreme Court states in the *Tot* case:

"[A] statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of one from the proof of the other is arbitrary because of lack of connection between the two in common experience. [Cases cited.] This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them it is not competent for the legislature to create it as a rule governing the procedure of courts." 319 U.S. at 467–468, 63 S.Ct. at page 1245.

The difficulty with appellants' reliance on the *Tot* case is that it provides no precedent in this, a factually different case. The possession of a firearm or ammunition is ordinarily lawful. There exists the possibility of lawful possession of opium derivatives, or other narcotics, for they have definite therapeutic medical values and a scientific need exists for their possession by many doctors and almost every hospital in the United States. But this Court knows of no medical or scientific use to be made of marihuana, save perhaps for occasional testing, in order to make scientific comparisons with other narcotics, barbiturates and amphetamines.

The statutory language in question has long existed in the narcotic laws. In Yee Hem v. United States, supra, the Supreme Court upheld the presumption in reference to opium. Appellants seek to distinguish the Yee Hem case on the ground that all opium is necessarily imported and therefore the presumption is reasonably accurate. However, the Court noted in that case that some opium *is* *legally* imported, but that the possibility of a defendant having in his possession legally imported opium would be so rare as to permit the legislature to establish the presumption and thereby shift the burden of going forward with rebutting evidence. Ultimately the burden of proof beyond a reasonable doubt remains with the government and the presumption is merely an aid in sustaining that burden. If we agree that by far the larger part of all marihuana found within the United States is imported then it is a reasonable inference that it is probable that one in possession of marihuana is in possession of imported marihuana. And, a fortiori, it can be inferred that the person in possession knows of the illegal importation. Further, the growing of marihuana is illegal in several states including California.[7] The California prohibition has been on the statute books since 1929.[8] If experience is the test of the validity of an inference, then the legislatively created inference in this case is well supported. " * * * [T]he strength of any inference of one fact from proof of another depends upon the generality of the experience upon which it is founded." [9] Though there might be differences of opinion, it can reasonably be argued that the facts of marihuana importation are so well-known, particularly to marihuana users, that there is a "rational connection between the fact proved and the ultimate fact presumed." [10] It might even be urged that the inference could be said to exist independent of the statutory authority therefor. We believe a trial court could take judicial knowledge, in California for example, of such facts relative to the importation of marihuana.

7. West's Ann.Calif.Health & Safety Code, § 11530: "No person shall plant, cultivate, harvest, dry or process any Cannabis sativa, also known as * * * marijuana, or any part thereof * * *."

8. See Yee Hem v. United States, supra, 268 U.S. at 184, 45 S.Ct. at —.

9. Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U.S. 35, 42, 43, 31 S.Ct. 136, 137, 55 L.Ed. 78.

10. Ibid., 219 U.S. at 43, 31 S.Ct. at 138.

Finally, the Supreme Court has held that merely because it might be *possible* to legally import opium into this country, the presumption created by the legislature that allows the jury to draw an inference of illegal possession and knowledge of that illegality was valid. We can envision the *possibility* of opium poppies growing in this country, yet that fact will not cause us to declare § 174 unconstitutional. We believe the permissible inference the jury may draw as to the unexplained possession of marihuana is supported by facts more closely resembling the permissive inferences in the general narcotics trade than the conclusive presumption which was required to be drawn in the firearms statute. The former has been held constitutional, the latter not. If any constitutional safeguards are violated by § 176a, the Supreme Court will strike the statute down by reversing or distinguishing its previous pronouncements. The public interest in the proper control of the narcotics traffic requires an intermediate court to proceed with caution. This is particularly true under the facts of this case where a question for the jury was created by the expert testimony produced on behalf of both defendants.

 As to Caudillo's second point (the defeat of the presumption as a matter of law), two failings exist: First, his evidence is by no means conclusive and unrebutted, since his own witness testified to the rarity of finding marihuana with content and texture like that in this case growing within the United States. Second, if his theory were accepted and a jury chose to disbelieve his evidence, there would be no evidence upon which they could find for the government; whereas if there were no evidence produced by a defendant, a jury could convict. In other words, he must take the position that unbelieved rebutting facts are sufficient to destroy an otherwise valid inference. McCormick in his work on Evidence, §§ 313–317, discusses this problem at great length and indicates that the better view taken by the cases (although there is no unanimity here) is

that a *valid inference remains even after there is rebutting evidence, either of the facts upon which the inference is based or those sought to be proved by it.* The jury is entitled to consider it, and determine if, notwithstanding the rebutting evidence, the side relying on the inference has sustained his ultimate burden of proof. That is exactly what the jury here was told. *They could, but were not compelled, to draw the inference allowed by the statute.* Since the jury returned a verdict of guilty, it is clear that appellants failed to convince the jury that their possession was other than illegal, and the inference permitted by the statute was sufficient to convince the jury beyond a reasonable doubt that both appellants knew the marihuana in their possession had been illegally imported.

The judgment as to each defendant is affirmed.