Steve Leroy CORDOVA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6895.

United States Court of Appeals Tenth Circuit.

May 17, 1962.

No appearance for appellant (submitted on brief of Walter L. Gerash, Denver, Colo.).

Yale Huffman, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty. and Merle R. Knous, Asst. U. S. Atty., Denver, Colo., with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

Cordova appeals from his conviction and sentence on a 3-count indict-

ment charging violations of Section 2(c) of the Narcotic Drugs Import and Export Act, 70 Stat. 570 (1956), 21 U.S.C. A. § 174.[1] It is first urged that there is joined in each count of the indictment two or more distinct offenses, and that a motion to dismiss should have been sustained because the counts were duplicitous. Each count alleges that Cordova "did fraudulently, knowingly and wilfully receive, conceal, sell and facilitate the transportation and concealment of a narcotic drug, * * *." The law is settled that when a statute denounces several acts as a crime, an indictment or information drawn in the language of the statute is not duplicitous if all the acts are pleaded conjunctively in one count. Crain v. United States, 162 U.S. 625, 636, 16 S.Ct. 952, 40 L.Ed. 1097; Kitchens v. United States, 10 Cir., 272 F.2d 757, cert. denied 362 U.S. 942, 80 S.Ct. 89, 4 L.Ed.2d 772; Travis v. United States, 10 Cir., 247 F.2d 130; Cathcart v. United States, 10 Cir., 244 F.2d 74, cert. denied 354 U.S. 924, 77 S.Ct. 1387, 1 L.Ed.2d 1439; McDonough v. United States, 10 Cir., 227 F.2d 402; Madsen v. United States, 10 Cir., 165 F.2d 507.

The remaining contentions, that the failure to endorse the government's witnesses on the indictment is a violation of the defendant's constitutional right to be confronted by the witnesses against him, and that Section 2(c) of the Narcotic Drugs Export and Import Act is unconstitutional because of the presumption therein,[2] are without merit. There is no statutory or constitutional requirement that the prosecution endorse the names of the government's witnesses on the information or indictment,[3] or even disclose them to the defense. Dean v. United States, 8 Cir., 265 F.2d 544; Bohn v. United States, 8 Cir., 260 F.2d 773, cert. denied 358 U.S. 931, 79 S.Ct. 320, 3 L.Ed.2d 304; United States v. Stein, (S.D.N.Y.) 18 F.R.D. 17; 14 Am.Jur. Criminal Law § 208 (1938). Cf. Knight v. Hudspeth, 10 Cir., 112 F.2d 137, cert. denied 311 U.S. 681, 61 S.Ct. 62, 85 L.Ed. 439; Moore v. Aderhold, 10 Cir., 108 F.2d 729; United States v. Schneiderman, (S.D. Cal.) 104 F.Supp. 405, 409. In Velasquez v. United States, 10 Cir., 244 F.2d 416, 418, in considering the constitutionality of Section 2(c) of the Narcotic Drugs Import and Export Act, we said:

> "Another ground of the motion for a directed verdict of acquittal upon the charge contained in the first count of the indictment was that the provision in the statute making proof of possession of a narcotic drug sufficient evidence to warrant conviction unless the defendant explains such possession to the satisfaction of the jury is unconstitutional. The contention does not call for extended discussion. It is enough to say without laboring the question that the constitutional validity of the provision in the statute has consistently withstood like challenge. Yee Hem v. United States, supra

---

1. Title 21 U.S.C.A. § 174 reads in part:
   "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000."

2. The second paragraph of 21 U.S.C.A. § 174 provides: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

3. Title 18 U.S.C. § 3432 requires the goverment to furnish defendants in trials for treason or other capital offenses with a list of the witnesses at least three days before the commencement of the trial.

[268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904]; Dear Check Quong v. United States, supra [82 U.S.App.D.C. 8, 160 F.2d 251]; Stein v. United States, 9 Cir., 166 F.2d 851, certiorari denied 334 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768."

This conclusion was reaffirmed in Griego v. United States, 10 Cir., 298 F.2d 845.

We find no prejudicial error in the record.

Affirmed.