Samuel Thomas **BAYLESS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8598.

United States Court of Appeals
Tenth Circuit.

Sept. 2, 1966.

Rehearing Denied Sept. 29, 1966.

Judd L. Black, Oklahoma City, Okl., for appellant.

John W. Raley, Jr., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

This appeal is from a conviction and sentence on an indictment charging appellant with the unlawful transportation of a named woman in interstate commerce for purposes of prostitution and debauchery in violation of 18 U.S.C. § 2421.

The indictment is attacked as fatally duplicitous because it is said to charge two offenses, i. e. the unlawful transportation for purposes of prostitution and debauchery instead of prostitution or debauchery as the statute reads. But, "The law is settled that when a statute denounces several acts as a crime, an indictment or information drawn in the language of the statute is not duplicitous if all the acts are pleaded conjunctively in one count." Cordova v. United States, 10 Cir., 303 F.2d 454, 455.

It is contended that in any event the court erroneously refused to grant a bill of particulars to inform the appellant concerning the acts relied upon to prove the offense of debauchery. The trial court denied the bill with the observation that the term "debauchery" has a generally recognized and judicially defined meaning. In its instructions the court defined both "prostitution" and "debauchery" in simple and unmistakable language. The contention is clearly without merit.

No other error complained of here was raised on trial, but appellant's counsel desperately attempts to make a case by urging several matters as plain error affecting the substantial rights of the appellant which he contends were not noted or preserved due to lack of effective assistance of trial counsel. This,

of course, is a serious imputation reflecting on both court and counsel which should not be lightly made or dismissed without notice here.

The record shows that after indictment on June 2, 1964, and a plea of not guilty the next day, the case was set for jury trial on the following September 17. Before the trial date, however, on petition of retained counsel, the court entered an order for psychiatric examination and the case was stricken from the September calendar. The December 8 setting was vacated on request of the government due to the unavailability of a witness. The March 8, 1965, setting was continued on motion of appellant, and a July 12, 1965, setting was vacated and retained counsel was permitted to withdraw without objection because he had become Assistant County Attorney. The application to withdraw stated that it was the applicant's understanding that appellant had made arrangements with Mr. Judd L. Black, his present counsel, to defend him when the cause was again set for trial. The court minutes reflect that the case was reset for July 28, and the defendant was directed to "notify Mr. Black's office this date". For some reason not apparent on the record Mr. Black did not appear as trial attorney of record. Appointed counsel was granted a continuance to prepare for trial, and the case finally came on for trial on September 13, 1965, approximately fifteen months after indictment with appointed counsel and co-counsel of record. After conviction and sentence, leave was granted to prosecute this appeal in forma pauperis. Appointed counsel was granted leave to withdraw as attorneys "inasmuch as at the time of sentence the defendant appeared with Mr. Sid White as his privately retained counsel who gave notice of appeal in open court and will handle the defendant's appeal." However, Mr. Black was apparently retained and has filed brief and argued the case on appeal.

An examination of the whole record convinces us that the evidence was entirely sufficient to support the verdict of the jury. One of the points complained of as plain error was the admission without objection of testimony to the effect that about a year prior to the alleged offense the appellant lived with the alleged victim while she practiced prostitution and that she turned all of her earnings over to him except bond money. This evidence was clearly admissible to show intent and purpose to commit the offense stated in the indictment. See Baish v. United States, 10 Cir., 90 F.2d 988; Flanagin v. United States, 5 Cir., 308 F.2d 841.

Another point of plain error was the admission of some testimony concerning appellant's physical abuse of the victim and threats to do harm to her mother and minor child. This testimony was objected to, the objection was sustained, and the jury was admonished not to consider it. In the context of the case the testimony was not so palpably prejudicial as to warrant a mistrial, i. e. see Maestas v. United States, 10 Cir., 341 F.2d 493.

From the whole record we are convinced that the appellant was ably and effectively defended. Indeed, he has been ably and effectively defended from the time of the charge against him until final submission to this court.

The trial of the case is free from reversible error, and the judgment is affirmed.