**UNITED STATES of America,**
**Plaintiff,**

v.

**Jacqueline M. CAESAR, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Eddie Lee DAVIS a/k/a Big Daddy et al.,**
**Defendants.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Eddie Lee DAVIS a/k/a Big Daddy and**
**William Daniel Whiting a/k/a Will,**
**Defendants.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Francine HARDEN, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Eldon Langton PAGE, Defendant.**

Nos. 73–Cr–180, 73–Cr–182, 73–Cr–183, 73–Cr–186, 73–Cr–191.

United States District Court,
E. D. Wisconsin.

Dec. 11, 1973.

**331**

———◆———

David B. Bukey, U. S. Atty. by D. Jeffrey Hirschberg, Milwaukee, Wis., for plaintiff.

Schwartz, Schwartz, Roberts & Cairo by Jay Schwartz, Racine, Wis. (79–Cr–180, 73–Cr–182, 73–Cr–183, 78–Cr–186), Wokwicz, Baumgartner & Anderson by Thomas W. Anderson, Kenosha, Wis. (73–Cr–180, 73–Cr–182, 73–Cr–183, 73–Cr–186), Aul & Tesch by Joseph E. Tesch, Milwaukee, Wis. (73–Cr–182 & 73–Cr–191), for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

These cases resulted from a grand jury investigation. The subjects of the investigation, according to the government, included allegations of "(1) conspiracy [18 U.S.C. § 371]; (2) interstate transportation in aid of racketeering/prostitution [18 U.S.C. § 1952(a)(3)]; and (3) interstate transportation of females for the purposes of prostitution [18 U.S.C. § 2421 et seq.]", among others.

Approximately fifty separate formal motions have been filed by the defendants. Many of these motions, however, are identical to each other and are simply repeated in each case. Those common motions will be resolved first, with the motions having less than universal applicability treated later.

## MOTIONS COMMON TO ALL CASES

■ Several discovery motions have been filed in each case, along with motions for leave to inspect grand jury minutes. The government has advised the defendants that they are free to examine its entire file and has promised to disclose any relevant information coming to its attention in the future. It has also made the grand jury minutes available to counsel, subject to an agreed protective order. It is apparent, therefore, that these motions have become moot and need not be granted.

■ Motions to compel the production of government witnesses and to compel disclosure of wiretaps have been filed in each case. The government, while not conceding the defendants' position, has agreed to produce its witnesses according to a program tendered to defense counsel. It has also agreed to provide an affidavit relating to wiretaps. See In Re Korman v. United States, 486 F.2d 926 (7th Cir., decided June 8, 1973). I have been informed by way of an affidavit submitted by an assistant United States attorney that defense counsel are satisfied with these arrangements. Consequently, these motions need not be granted either.

■ The final motions common to each case seek dismissal of the indictments because of the prosecutor's alleged misconduct before the grand jury. It is urged that the following conduct on the part of the prosecutor resulted in possible bias toward the defendants: (1) his questions to witnesses concerning drug usage, previous arrests and reluctance to testify; (2) his warnings to witnesses as to the effect of giving perjured testimony; and (3) his questions about allegedly irrelevant matters.

Since a person charged by a grand jury is entitled to an impartial grand jury, the defendants contend that these indictments should be set aside. Excerpts of the grand jury minutes have been filed with the motions and are relied upon as support for the assertions made. I have examined such excerpts and the arguments of the defendants. It is my conclusion that dismissal is not warranted; the defendants have failed to demonstrate that the grand jury's in-

dictments resulted from bias. As in Beck v. Washington, 369 U.S. 541, 555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962), the challenged conduct of the prosecutor does not approach "irregularity of constitutional proportions."

The questions challenged were addressed to witnesses, not to the principal defendants. The prosecutor's questions were arguably aimed at demonstrating the witnesses' credibility and their relationship to the principals in the alleged endeavors being investigated. While I express no opinion on the attitude of the prosecutor or the propriety of his approach to the witnesses, I do find that the minute excerpts are devoid of evidence that the grand jurors were coerced or intimidated into returning true bills. See United States v. Wells, 163 F. 313 (D. C.Idaho 1908).

■ In the absence of a showing of conduct tantamount to coercion, the result sought by the defendants can only be achieved upon a demonstration that the competent evidence before the grand jury would not, by itself, support the indictments. United States v. Riccobene, 451 F.2d 586, 587 (3rd Cir. 1971). No serious argument to that effect is made here. Indeed, one defendant conceded in his brief that there was sufficient competent evidence before the grand jury. To dismiss the indictments because of the prosecutorial conduct described in these motions would be action taken, at best, on the basis of "vague and unsubstantiated doubts." United States v. Dooling, 406 F.2d 192 (2d Cir. 1969), cert. denied sub nom., Persico v. United States, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969). Vague and unsubstantiated doubts as to the possible bias of a grand jury towards those indicted are insufficient to justify dismissal of the indictments. United States v. Whitted, 454 F.2d 642, 646 (8th Cir. 1972), rev'g, D.C., 325 F.Supp. 520 (1971).

### Case No. 73–Cr–180

This case involves a two count indictment charging the defendant with having committed perjury before the grand jury. Although it is conceded that the questions to which false answers allegedly were given were factually specified in the indictment, it is contended that the indictment fails to describe how and in what respect those questions were material to the grand jury investigation. It is also argued that the prosecutor's questions were ambiguous and that the defendant's responses were mistaken or unresponsive, but not false.

■ The indictment mentions that possible violations of certain stated sections of the United States code were being investigated and that the questions allegedly falsely answered were material to that investigation. As stated in United States v. Rook, 424 F.2d 403, 405 (7th Cir. 1970), cert. denied, 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550 (1970):

"It is well settled that materiality may be charged by a single allegation of materiality rather than by allegations of fact which, if true, show materiality. Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441 (1895) . . . ."

Thus, materiality must be proved at trial, as the government concedes, but it need not be alleged in an indictment with any greater degree of particularity than it is alleged here.

■ I also find that the defendant's other contentions with respect to the ambiguity of the questions or quality of the answers are insufficient to void this indictment. I am satisfied that the questions as stated in the indictment are not obviously ambiguous. Therefore, any misunderstanding as to the meaning of those questions or inadvertent error in the answers are properly raised as defenses at trial. United States v. Lattimore, 94 U.S.App.D.C. 268, 215 F.2d 847, 853 (1954).

### Case No. 73–Cr–186

The final motion in this case, as in 73–Cr–180, seeks dismissal of a perjury indictment because of its failure to specify how the questions involved were ma-

terial. As previously indicated, that specific point was decided adversely to the defendant in *Rook*.

### Case No. 73–Cr–191

 As in the previous cases, the form of the indictment is challenged here. It is urged that use of statutory language charging that the defendant "did knowingly transport in interstate commerce" a specific person for a stated prohibited purpose is insufficient. I disagree. The indictment also states the date, origin and termination of the alleged transportation. It sufficiently informs the defendant so that he can defend, and it adequately describes the charged conduct so as to operate as a bar against future prosecution for the same charge. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The fact that part of the indictment utilized the statutory phrasing is not fatal.

██ The defendant also finds fault with the indictment because it charges that transportation was for the purpose of prostitution, debauchery *and* other immoral purposes while 18 U.S.C. § 2421 uses the word "or". In Bayless v. United States, 365 F.2d 694 (10th Cir. 1966), the court held that conjunctive charging under this statute is not fatal. See Cordova v. United States, 303 F.2d 454, 455 (10th Cir. 1962).

It is urged that *Bayless* should not be followed because a "split-juror effect" may already be reflected in the indictment and could not be corrected by instructions at trial. The argument is that there is no way of knowing whether a sufficient number of grand jurors agreed on any one of the purposes of transportation proscribed in the statute. I find that argument particularly unpersuasive however where, as here, the use of the conjunctive would indicate that the grand jurors agreed that transportation was for *all* proscribed purposes.

Finally, the defendant in this case seeks dismissal of the indictment on the basis of constitutional challenges to the grand jury system. He urges that use of a grand jury precludes him from a determination of probable cause by way of a preliminary examination. He also objects to the fact that he was unable to attend the grand jury session, offer testimony or cross-examine witnesses.

 Although there certainly is merit to many of the current arguments critical of the grand jury concept, it remains a legitimate method of initiating criminal proceedings. It is an alternative to the complaint and preliminary examination method of determining probable cause to hold a person for trial. Therefore, preliminary examinations, which are intended to accomplish the same end, are unnecessary following the presentation of a true bill. The absence of any rights in a potential defendant to appear before a grand jury, cross-examine witnesses and present evidence, all of which are allowed at a preliminary examination, does not constitutionally invalidate the grand jury system. United States v. Levinson, 405 F.2d 971 (6th Cir. 1968), cert. denied sub nom., Strang v. United States, 395 U.S. 906, 89 S.Ct. 1746, 23 L.Ed.2d 219 (1969).

### Case No. 73–Cr–183

In this case, several constitutional challenges are made to 18 U.S.C. §§ 1952(a)(3), 2421 and 2422.

 Sections 2421 and 2422, the Mann Act and its companion, are said to discriminate unreasonably against males in violation of the fifth amendment to the United States Constitution; it is urged that they create offenses which can only be committed by males. Although only females qualify as victims of the crimes, both males and females may qualify as perpetrators. This is apparent from the wording of the statutes themselves, which begin with the word "whoever" and remain sexually neutral as to the description of the offender. It is also apparent from Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206 (1932).

Sections 2421 and 2422 are also challenged as unconstitutionally vague. They prohibit certain conduct relating to interstate travel for "prostitution or debauchery, or for any other immoral purpose". The defendants contend that the terms "debauchery" and "immoral" are so indefinite and uncertain as to necessitate speculation as to the meaning of the criminal proscriptions. They admit however, that judicial interpretations of those terms must be considered in determining whether the statutes will withstand a challenge on the ground of vagueness.

As stated in United States v. Tyler, 459 F.2d 647, 649 (10th Cir. 1972), cert. denied, 409 U.S. 951, 93 S. Ct. 297, 34 L.Ed.2d 223 (1972), in speaking to the question of vagueness of the Mann Act:

> "These contentions are without merit. There are few statutes that have been construed by courts more than the one involved here. So far as we are able to determine, no court has held the statute unconstitutional, including that portion which prohibits interstate transportation of any woman or girl 'for any other immoral purpose.' See Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); Cleveland v. United States, 329 U.S. 14, 67 S.Ct. 13, 91 L.Ed. 12 (1946)."

In this circuit, the Mann Act has been challenged as to the alleged vagueness of the terms criticized here, and it has been interpreted and found to be valid. United States v. Lewis, 110 F.2d 460, 462 (7th Cir. 1940). That determination remains binding on this court.

Finally, the defendants urge that sections of 2421, 2422 and 1952(a)(3) all violate the ninth amendment in that they "unduly restrict the defendants' rights to privacy in sexual and moral matters." Authority for this proposition is said to be found in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), and Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), among other cas-

es. These cases are clearly inapposite to the defendants' argument.

*"Stanley's* emphasis was on the freedom of thought and mind in the privacy of the home." United States v. Thirty-seven Photographs, 402 U.S. 363, 376, 91 S.Ct. 1400, 1408, 28 L.Ed.2d 822 (1971). It is to be narrowly interpreted and has no application to interstate transportation. Indeed, there is no correlative right to transport obscene material in interstate commerce simply because *Stanley* protects it in the home. United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed. 513 (1973). Similarly, there is no right to transport females in interstate commerce for prostitution even if it could be said that consensual sexual relations for pay in a private home are beyond the reach of a government's laws.

*Griswold's* emphasis was on the protection of the private sexual matters of married persons from unwarranted governmental intrusions. I fail to see its applicability to laws prohibiting the interstate transportation of women "for the purpose of prostitution or debauchery, or any other immoral purpose." The ninth amendment's protection of privacy seems to me to have no applicability whatsoever in cases allegedly involving interstate travel for commercialized prostitution.

The defendants also seek to amend the caption in this case by striking the aliases used. It is contended that the use of aliases is prejudicial in that it creates an immediate bias with the trier of fact.

Aliases must be stricken only when their use is clearly excessive or when they are not necessary for the identification of a defendant at trial. See United States v. Grayson, 166 F.2d 863, 867 (2nd Cir. 1948). Here the use of aliases is not clearly excessive, and the government has averred, without contradiction, that these aliases are necessary for the identification of the defendants at trial. That is sufficient to warrant denial of the defendants' re-

quest. United States v. Machi, 324 F. Supp. 153, 155–156 (E.D.Wis.1971). If it should appear at trial that the government's assertion is incorrect, the court will be able to reconsider the issue and fashion the appropriate remedy. Furthermore, if this case terminates with convictions, any alleged prejudicial effect of the use of aliases is subject to review by this court on post-trial motions and by the circuit court on appeal. See United States v. Escobedo, 430 F.2d 14, 20 (7th Cir. 1970), cert. denied, 402 U.S. 951, 91 S.Ct. 1632, 29 L.Ed.2d 122 (1971).

■ Finally, the defendants in this case seek a severance of count IV from the other counts in the indictment and a change of venue with respect thereto. The motion is based on alleged prejudicial publicity and on Rule 21(b), Federal Rules of Criminal Procedure. With respect to the first basis, there is no support offered for the claim of prejudicial publicity. Furthermore, that issue is more appropriately raised at voir dire. United States v. Dellinger, 472 F.2d 340, 370–376 (7th Cir. 1972), cert. denied, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 701 (1973). With respect to the second basis, the defendants have made an insufficient showing to warrant the exercise of this court's discretion in ordering transfer. See United States v. Kelly, 467 F.2d 262, 264 (7th Cir. 1972), cert. denied, 411 U.S. 933, 93 S.Ct. 1905, 36 L.Ed.2d 393 (1973).

*Case No. 73–Cr–182*

The defendants in this case have presented the same motions that were discussed in 73–Cr–183. The same treatment will be afforded these motions. The defendant Page has submitted motions similar to those in 73–Cr–191. These motions will also be denied.

■ The defendant Page has also moved to strike certain material from the indictment as surplusage. The names of several women who are stated to be unindicted co-conspirators are sought to be stricken on the basis of Gebardi v. United States, 287 U S. 112, 53 S.Ct. 35, 77 L.Ed.2d 206 (1932). *Gebardi* did overturn a woman's conspiracy conviction on the reasoning that she could only be a victim under the circumstances of that case. But I do not believe *Gebardi* means that a woman can never be a co-conspirator in a Mann Act case. See 287 U.S. at 123, 53 S.Ct. 35. Therefore, the language in the indictment will not be stricken.

■ Also sought to be stricken is an allegation that as part of the conspiracy charged one of the unindicted co-conspirators would remain and operate a prostitution business while the defendant Page and another defendant were gone from the area. The defendant Page asserts that this allegation adds nothing to the conspiracy charge and will only prejudice a jury. I find no merit in this unsupported contention.

■ I also find no merit in the defendant Page's challenges to count I of the indictment as insufficient and to counts I and III as multiplicious. Count I adequately states the essential elements of the offense which is the object of the conspiracy charged. United States v. Kahn, 381 F.2d 824, 829 (7th Cir. 1967), cert. denied, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967), reh. denied, 392 U.S. 948, 88 S.Ct. 2272, 20 L.Ed.2d 1413 (1968). *See also* Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927). Furthermore, count I and count III are not multiplicious, since one simply charges the separate offense of conspiracy while the other charges a substantive offense. United States v. Kahn, 381 F.2d 824 (7th Cir. 1967).

■ Finally, there are motions by the defendants Page and Franklin for severances. These motions are based on claims that trial with the other defendants on the four counts in the indictment in this case would be prejudicial. I do not believe the defendants have made a sufficient showing of potential unfairness as to offset the government's interest in avoiding a multiplicity of trials and justify this court in exercis-

ing its discretion to order severance. United States v. Tanner, 471 F.2d 128, 137 (7th Cir. 1972), cert. denied, 409 U. S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220 (1972).

Therefore, it is ordered that the defendants' motions be and hereby are denied.