**UNITED STATES of America, Plaintiff,**

v.

**Leo W. ROETHE, Defendant.**

**No. 76–CR–69.**

United States District Court,
E. D. Wisconsin.

Sept. 7, 1976.

Stephen E. Kravit and David B. Bukey, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff.

Christopher J. Rogers, Fort Atkinson, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Leo W. Roethe is charged in this action with twelve counts of filing a false financial statement in violation of 18 U.S.C. § 1014. He has filed a motion to dismiss the indictment against him, for an order pursuant to Rule 6(e), Federal Rules of Criminal Procedure, permitting him to inspect the minutes of all proceedings before the grand jury which indicted him, and for an order pursuant to the same rule allowing him to question or depose the members of that grand jury. His motion will be denied.

■ In his motion, the defendant seeks the above relief on the grounds that extensive publicity during the period prior to his indictment deprived him of his right to a fair and unbiased grand jury and that the discovery which he requests is necessary further to establish the prejudice which he asserts resulted from that publicity. The motion is supported by an affidavit describing the pre-indictment publicity as "widespread and extensive unfavorable and prejudicial." The motion is accompanied by almost 100 pages of copies of newspaper articles concerning the defendant, his business associates, and their financial difficulties. Many of the articles describe the col-

lapse of a number of business enterprises and financial transactions in which the defendant was involved and the effect on certain banking institutions. Almost all of the articles could be described as unfavorable to the defendant, but few of them suggest, much less assert, that the defendant's activities were criminal or even fraudulent in nature. One or two of the articles submitted were favorable in their assessment of the defendant's character and reputation in the community.

While the Supreme Court has never squarely held that a criminal defendant is entitled to be indicted by a grand jury whose members have not been prejudiced by preindictment publicity, dicta in a number of opinions suggest that such a right may exist. *Beck v. Washington,* 369 U.S. 541, 546, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); *Lawn v. United States,* 355 U.S. 339, 349, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). In several federal circuits, courts have declared that bias due to pre-indictment publicity is not grounds for relief. *Gorin v. United States,* 313 F.2d 641, 645 (1st Cir. 1963), cert. denied 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052; *United States v. Nunan,* 236 F.2d 576, 593 (2d Cir. 1956), cert. denied 353 U.S. 912, 77 S.Ct. 661, 1 L.Ed.2d 665; *United States v. Knowles,* 147 F.Supp. 19, 21 (D.D.C.1957). In others, courts have examined the record for evidence of the prejudice alleged, apparently assuming the existence of the right asserted by the defendant. *United States v. Fuentes,* 432 F.2d 405, 407 (5th Cir. 1970); *Beck v. United States,* 298 F.2d 622, 627 (9th Cir. 1962), cert. denied 370 U.S. 919, 82 S.Ct. 1558, 8 L.Ed.2d 499; *United States v. Caesar,* 368 F.Supp. 328 (E.D.Wis.1973).

Even if I were to resolve this dispute as to the law in favor of the defendant and hold that he is entitled to indictment by a grand jury whose members are unbiased by pre-indictment publicity, the motion now before the court could not be granted. This is because the defendant has failed to make a sufficient showing that any members of the grand jury were prejudiced. As the defendant concedes in his brief, citing *United States v. Anzelmo,* 319 F.Supp. 1106, 1113 (E.D.La.1970), "the defendant must show specifically that such publicity caused prejudice and bias in the grand jurors and that the indictment returned was the result of essential unfairness." See also *Beck v. Washington,* 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); *Estes v. United States,* 335 F.2d 609, 613 (5th Cir. 1964); *Beck v. United States,* 298 F.2d 622 (9th Cir. 1962). The defendant's submission supports his claim that his affairs were the subject of extensive publicity. However, neither the contents nor the tone of the articles warrant a finding that the mass public would be hostile to or biased against him. The articles describe commercial transactions which are not as likely to provoke community hysteria as are stories of heinous crimes involving violence or sexual acts. Since Mr. Roethe has submitted no evidence of any bias or prejudice on the part of any of the grand jurors, and since I have found none in my examination of the grand jury minutes noted below, the motion to dismiss the indictment will be denied.

In support of his requests for inspection of the minutes of the grand jury proceedings and for an order allowing the questioning or deposing of the grand jurors, the defendant asserts that only through such techniques could he uncover the evidence which he requires to support his motion for dismissal. However, the defendant has put forward no reasons, other than the bare fact that extensive publicity occurred, to believe that any such evidence is likely to be found. Furthermore, he has suggested no authority, and I am aware of none, in support of his request to conduct an examination of the grand jurors.

I appreciate the defendant's dilemma: he wants the grand jury minutes to prove his claim, but he cannot see the minutes until he demonstrates a right to see them. He wants to interrogate the grand jurors but may not do so without showing a good reason to do so. I am not persuaded that the defendant has demonstrated the "particularized need" or "compelling necessity"

for the breach of grand jury secrecy which he requests. See *United States v. Procter & Gamble,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

I believe that an *in camera* inspection of the transcripts of the grand jury proceedings was appropriate in view of the pre-indictment publicity and the defendant's discovery requests. See *United States v. Fuentes,* 432 F.2d 405 (5th Cir. 1970); *Beck v. United States,* 298 F.2d 622 (9th Cir. 1962), cert. denied 370 U.S. 919, 82 S.Ct. 1558, 8 L.Ed.2d 499; *United States v. Caesar,* 368 F.Supp. 328 (E.D.Wis.1973). Because of the impending pretrial in this case, I determined to proceed with the matter of an *in camera* inspection without first conferring with the defendant's counsel. Accordingly, I have examined those transcripts of the grand jury proceedings which have been transcribed to date. I have found such transcripts to be devoid of any evidence of grand jury bias or prejudice. An affidavit of the prosecuting attorneys states that the comments and questions of members of the grand jury reflected in those transcripts are substantially similar to the grand jurors' comments and questions during those portions of the proceedings which have not yet been transcribed.

I find that the defendant is not entitled to any of the relief which he seeks in his motion. I will inspect the remainder of the grand jury transcripts *in camera* when they are prepared, in advance of trial, to ascertain whether the balance of the grand jury proceedings is as free from evidence of bias and prejudice as the record presently before me. If a change in this order is warranted, it will be ordered.

Therefore, IT IS ORDERED that the defendant's motion to dismiss the indictment in this action, for inspection of the grand jury minutes, and for examination of the members of the grand jury be and hereby is denied.