**UNITED STATES of America, Appellee,**

v.

**Aulden Edward THOMAS, Appellant.**

**No. 76–1190.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1976.

Decided Nov. 4, 1976.

Certiorari Denied Jan. 10, 1977.

See 97 S.Ct. 764.

E. Alvin Schay, Little Rock, Ark. (argued) and on brief, for appellant.

Walter G. Riddick, Jr., Asst. U. S. Atty., Little Rock, Ark. (argued) and W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Aulden Edward Thomas has appealed from his conviction for armed robbery of a United States Post Office in violation of 18 U.S.C. § 2114 and using a firearm in the course of committing a felony offense in violation of 18 U.S.C. § 924(c)(1). On July 1, 1976, after oral argument, we remanded the case to the district court for a hearing to determine whether Thomas was deprived of counsel at one of two postindictment lineups without a valid waiver of that right and, if so, whether the in court identification was tainted by that lineup. *United States v. Thomas,* 536 F.2d 1253, 1254 (8th Cir. 1976). On July 26, 1976, the district court held a hearing pursuant to our remand. The district court found that " * * the defendant was aware that he had the right to have counsel present at the pretrial lineup [with respect to the post office robbery] and that he knowingly waived this right." This finding and the transcript of the hearing on remand have now been recertified to this court for review. We affirm the judgment of conviction in all respects.

No useful purpose would be served in reciting the proof of guilt in detail. The government's case was based on a less than positive in court identification of the defendant by postal employee Williamson,[1] who confronted the robber, and other cir-

---

1. Williamson identified the defendant on four occasions. On the day of the robbery, June 27, 1975, Williamson picked Thomas' photograph out of some forty photographs of other black armed robbery suspects. On November 27, 1975, Williamson picked Thomas out of the lineup at issue here from a group of six black men. Williamson again picked the defendant out of a lineup of six black men on December 23, 1975. The defendant was also identified by Williamson at trial. On each occasion, the identification was equivocal. Williamson never positively identified the defendant as the robber; he said only that Thomas resembled the robber.

cumstantial evidence.[2] The defendant Thomas attacks the lineup of November 27, 1975, arguing that he understood the lineup was directed only to a state charge then pending against him, and that he waived counsel only with respect to the state charge. Thomas was in state custody at the time of the questioned lineup.

■ As an initial matter, we note that no claim is made that the defendant's detention by state authorities was illegal or that probable cause did not exist for detention under the federal charge on November 27, 1975.[3] Assuming the waiver requirements of *United States v. Wade,* 388 U.S. 218, 237, 87 S.Ct. 1926, 18 L.Ed.2d 1119 (1967), were met, the state authorities were therefore justified in placing the defendant in the lineup for identification with respect to the federal, as well as the state, offense. *Cf. Adams v. United States,* 130 U.S.App.D.C. 203, 399 F.2d 574, 580 (1968) (Burger, Circuit Judge, concurring), *cert. denied,* 393 U.S. 1067, 89 S.Ct. 722, 21 L.Ed.2d 710 (1969); *United States v. Perry,* 164 U.S. App.D.C. 111, 504 F.2d 180, 182 (1974) (per curiam); *United States v. Anderson,* 160 U.S.App.D.C. 217, 490 F.2d 785, 788–789 (1974), *aff'g.,* 352 F.Supp. 33, 36–37 (D.D.C. 1972).

■ Although the waiver issue is troublesome, we cannot say that the district court clearly erred in finding that the defendant intelligently waived counsel with respect to identification for the federal offense. The evidence is uncontroverted that the November 27 lineup was fair and not the least bit suggestive. Thomas does not dispute this. The defendant executed a *written* waiver of counsel form which admonished him that "[p]ersons who are witnesses to crimes in which [he was] a suspect [would] view this line-up for a possible identification." Detective Lynch of the Little Rock Police Department, who witnessed the execution of the waiver, testified that he was virtually certain either he or another detective told Thomas that the post office robbery was one of the crimes for which witnesses would be viewing the lineup. In view of the voluntary and intelligent waiver, the fruits of the lineup were admissible under *United States v. Wade, supra,* 388 U.S. at 237.[4]

The defendant also contends that the district court committed constitutional error by instructing the jury with respect to aiding and abetting. On its own motion, the district court instructed the jury that the defendant could be found guilty of aiding and abetting the armed robbery even though defendant was charged only as a principal.

■ This argument is without merit. "If a defendant is indicted as a principal, the indictment need not specifically charge that the defendant aided and abetted the commission of a crime." *United States v. Matousek,* 483 F.2d 286, 288 (8th Cir. 1973) (per curiam); *see also United States v. Thomas,* 469 F.2d 145, 146 n. 3 (8th Cir. 1972), *cert.*

---

2. The robbery was recorded by a camera in the post office. Although facial identification was impossible because the robber wore a mask, certain photographs introduced at trial showed the robber carrying a pistol and wearing a distinctive shirt which was traced to the defendant. The shirt was found in the street a short distance away from the robbery scene and had a dry cleaner's tag on it. The records of the dry cleaning establishment showed that the shirt was brought in by a person having the same name as the defendant.

3. Detention was clearly justified on November 27, 1975, for the post office robbery because Thomas had been indicted by a federal grand jury for the offense on August 19, 1975.

4. We likewise reject the defendant's claim under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct.

1194, 10 L.Ed.2d 215 (1963), that the prosecution's failure to disclose the lineup identification before trial violates due process. The identification evidence was inculpatory, not exculpatory. One who seeks to make out a *Brady* claim must show, *inter alia,* the favorable character of the evidence to the accused. *Moore v. Illinois,* 408 U.S. 786, 794–795, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); *United States v. Smith,* 538 F.2d 1332, 1334 (8th Cir. 1976) (per curiam). Furthermore, the defendant has not suggested any basis upon which pretrial disclosure could have mitigated the impact of the lineup evidence at trial. The lineup was conducted fairly. Thus, even assuming that a duty to disclose existed, the defendant was not prejudiced by failure to disclose.

*denied,* 410 U.S. 957, 93 S.Ct. 1429, 35 L.Ed.2d 690 (1973); *United States v. Lugo-Baez,* 412 F.2d 435, 440 (8th Cir. 1969), *cert. denied,* 397 U.S. 966, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970). There was substantial evidence that the defendant was accompanied by a confederate into the post office. There was no conclusive evidence that the defendant actually carried the loot from the post office. Thus, since substantial evidence was presented that the defendant aided and abetted the armed robbery, the instruction was proper.

Thomas lastly contends that the evidence was insufficient to support the verdict. We disagree. Drawing all inferences in favor of the government as we must, Williamson's identification, coupled with evidence that the shirt worn by one of the robbers belonged to the defendant, permitted the jury to place the defendant in the post office on June 27, 1975. The photographs, which show the defendant brandishing a firearm, speak for themselves. This evidence is sufficient to support the conviction on both counts under 18 U.S.C. §§ 2114 and 924(c)(1).

The judgment of conviction is affirmed.