Alger HISS and William A. Reuben, Plaintiffs,

v.

The DEPARTMENT OF JUSTICE et al., Defendants.

No. 76 Civ. 4672.

United States District Court, S. D. New York.

Oct. 12, 1977.

---

3. The allegations of a conspiracy add nothing to the complaint. A conspiracy is an agreement to violate the Rule while 10b-5 actions are concerned with *actual violations.* The aider and abettor theory encompasses successful conspiracies.

4. The allegation of negligent misrepresentation is of questionable sufficiency. Absent some positive representation, it is unclear why the lenders would have a duty to make disclosures to Kalmanovitz concerning the financial affairs of Falstaff. Certainly, more is required than a

debtor-creditor relationship between Falstaff and the defendants. *See Woodward v. Metro Bank of Dallas, supra.* Plaintiff should seriously consider dropping these allegations from his complaint when it is refiled.

5. This is not an invitation for plaintiff to file a more detailed complaint. It does allege fraud in specific terms. Rule 8(a) of the Federal Rules of Civil Procedure still applies in fraud cases, and must be read with Rule 9(b). *A. T. Brod v. Perlow,* 375 F.2d 393, 398 (2d Cir. 1967).

Rabinowitz, Boudin & Standard by Victor Rabinowitz, New York City, for plaintiffs.

Robert B. Fiske, Jr., U. S. Atty., for the Southern Dist. of New York by Mary C. Daly, Asst. U. S. Atty., New York City, for defendants.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiffs move pursuant to Rule 6(e), Federal Rules of Criminal Procedure, for an order releasing to the Justice Department documentary evidence and the testimony of a number of witnesses presented to two grand juries that investigated Alger Hiss in 1947 and 1948, so that it may be processed under the Freedom of Information Act as amended (FOIA), 5 U.S.C. §§ 552 *et seq.* The government does not oppose the application. Indeed, the government's response may fairly be read as supporting the motion.

■ At the outset, it is absolutely clear that the FOIA, which by its terms does "not apply to matters that are . . . specifically exempted from disclosure by statute," 5 U.S.C. § 552(b)(3), does not affect the traditional rule of grand jury secrecy codified in Rule 6(e). *See FAA Administrator v. Robertson,* 422 U.S. 255, 264, 95 S.Ct. 2140, 2147, 45 L.Ed.2d 164 (1975) (legislative history of the FOIA makes clear that prior existing statutory exemptions "would remain unaffected by the new Act"). Accordingly, plaintiffs' right, if any, to the relief they seek exists solely under Rule 6(e).

In *In re Biaggi,* 478 F.2d 489 (2d Cir. 1973), the Court stated at page 492 that Rule 6(e) provides for disclosure of grand jury proceedings under three and only three circumstances: (1) to government attorneys "for use in the performance of their duties," and on order of the Court, (2) to a defendant who seeks dismissal of an indictment because of "matters occurring before the grand jury," and (3) in connection with or preliminarily to "a judicial proceeding."

■ The first two exceptions are inapplicable. As to the third exception, the only judicial proceeding I have been made aware of is the instant FOIA action. Clearly, permission to disclose for use in connection with a "judicial proceeding" does not include the very proceeding instituted for the purpose of obtaining disclosure.

Plaintiffs contend that the Court must determine whether in a particular case it is appropriate to continue to impose the requirement of absolute secrecy, and that "[i]n the present case, the balance of policy considerations tips decidedly in favor of permitting FOIA processing of documents reflecting grand jury proceedings." Presumably the tipping plaintiffs refer to is based on plaintiffs' assertion of the "undisputable historic interest and importance" of the Hiss case. I find no support for plaintiffs' position, and plaintiffs have not supplied me with any authority that indicates that the traditional rule of grand jury secrecy should yield to any claimed interest of the public (or, one may conjecture, any specific individual) in a thirty-year-old case, whatever its historical significance may be. In any event, and notwithstanding the government's lack of opposition in *this* case, in my opinion, a contrary ruling would be a mischievous precedent for this Court to establish.

Accordingly, the motion is denied.

So Ordered.