Burton A. LIBRACH, Appellant,

v.

FEDERAL BUREAU OF INVESTIGA-
TION et al., Appellees.

No. 78–1671.

United States Court of Appeals,
Eighth Circuit.

Nov. 3, 1978.

Ronald L. Rothman, Clayton, Mo., ar-
gued, for appellant; Ronald L. Rothman &
Associates, P. C., Clayton, Mo., and John J.
Relles, St. Louis, Mo., filed brief.

Mark A. Helfers, Asst. U. S. Atty. (ar-
gued), and Robert D. Kingsland, U. S.
Atty., St. Louis, Mo., filed brief for appel-
lees.

Before ROSS and McMILLIAN, Circuit
Judges, and LARSON,* Senior District
Judge.

PER CURIAM.

This matter is before the court upon the
petition of Burton A. Librach for a writ of
mandamus to compel the Honorable H.
Kenneth Wangelin, United States District
Judge for the Eastern District of Missouri,
to order the release and disclosure of cer-
tain files requested by Librach under the
Freedom of Information Act (FOIA), 5
U.S.C. § 552.

On October 19, 1978, we remanded this
action to the district judge for an explana-
tion in greater detail of his ruling of Sep-
tember 13, 1978, holding portions of the
requested documents exempt from disclo-
sure.

Judge Wangelin has issued a revised or-
der identifying (1) the documents in terms
of the agencies which furnished them, (2)
the portions to be released by page number,
(3) the exemptions applicable to the with-
held material, and (4) the reasons for up-
holding those exemptions.

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minne-
sota, sitting by designation.

With respect to the FBI materials, the district court denied access only to portions of investigatory records containing the names of persons who were investigated for suspected criminal activity or who are otherwise mentioned therein, but who were not indicted or tried. We find that the court correctly applied exemption 5 U.S.C. § 552(b)(7)(C) to protect the named persons from a clearly unwarranted invasion of personal privacy. The same names were properly withheld from the materials provided by the Department of Justice.

The district court properly withheld a medical file for which the Department of Justice claimed exemption 5 U.S.C. § 552(b)(6), which exempts " * * * medical files * * * the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

The court also upheld, under exemption 5 U.S.C. § 552(b)(3), comments on grand jury testimony and a tax return restricted from disclosure by Fed.R.Crim.P. 6(e) and 26 U.S.C. § 6103. We find no error in Judge Wangelin's determination with respect to these documents.

The district court applied exemptions 5 U.S.C. § 552(b)(3), (7)(C) and (E) to materials in the possession of the United States Marshal's Service. The records pertain to the relocation of a witness under the Department of Justice Witness Security Program. The court agreed with the government's contention that to release these materials would jeopardize the effectiveness of the Witness Security Program and would invade the personal privacy of the witness. We agree with Judge Wangelin's conclusions.

The district court has sufficiently complied with the ruling by this court of October 19, 1978. The petition of Burton A. Librach for a writ of mandamus is therefore denied.