**Aulden E. THOMAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 79–1051.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 1, 1979.

Decided May 4, 1979.

Aulden B. Thomas, pro se.

W. H. Dillahunty, U. S. Atty., and Walter G. Riddick, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Petitioner was convicted of armed robbery of a post office in 1976, and his conviction was affirmed on appeal. *United States v. Thomas*, 543 F.2d 1226 (8th Cir. 1976), *cert. denied*, 429 U.S. 1051, 97 S.Ct. 764, 50 L.Ed.2d 768 (1977). On November 13, 1978 petitioner sent a letter to the district court requesting copies of the grand jury minutes and transcript in his armed robbery case. On November 30, 1978 a second letter was sent by petitioner, this time demanding the material within ten days under the Freedom of Information Act, 5 U.S.C. § 552.

The district court [1] treated these letters as initiating a judicial proceeding, and by memorandum and order filed December 12, 1978 the court denied the request. Petitioner appeals.

The single issue is whether petitioner is entitled to the grand jury materials under either (A) the Freedom of Information Act, or (B) Rule 6(a) of the Federal Rules of Criminal Procedure.

■ (A) The Freedom of Information Act established no right to grand jury proceedings. As pointed out by the district court:

The Freedom of Information Act . . does not affect the traditional rule of grand jury secrecy, set out at Fed.R. Crim.P. 6(e), *Hiss v. Department of Justice*, 441 F.Supp. 69 (S.D.N.Y.1977); *cf.*

*Chamberlain v. Alexander*, 419 F.Supp. 235 (S.D.Ala.1976) . . . . [T]he Act 'does not apply to matters that are . . specifically exempt from disclosure by statute.' 5 U.S.C. § 552(b)(3); *cf. Administrator, FAA v. Robertson*, 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975).

*See also Librach v. Federal Bureau of Investigation*, 587 F.2d 372, 373 (8th Cir. 1978).

(B) Rule 6(e) of the Rules of Criminal Procedure provides for secrecy in and nondisclosure of grand jury proceedings with certain exceptions. Rule 6(e)(2)(C) provides that grand jury matters may be disclosed "when so directed by a court preliminarily to or in connection with a judicial proceeding," or "when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

■ Courts have expressed the balance between the policy of secrecy which is to be afforded grand jury proceedings and the limited exceptions in which disclosure may be made by recognizing that the party moving for disclosure must establish a "particularized need." *See, e. g., Matter of Disclosure of Testimony*, 580 F.2d 281, 286 (8th Cir. 1978) (and cases cited therein); *United States v. English*, 501 F.2d 1254, 1257 (7th Cir. 1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 811 (1975); *United States v. Leonelli*, 428 F.Supp. 880, 883 (S.D.N.Y.1977) (and cases cited therein). *See also United States v. Weinstein*, 511 F.2d 622, 627 (2d Cir.), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2655, 45 L.Ed.2d 793 (1975); *United States v. Bass*, 472 F.2d 207, 210 (8th Cir.), *cert. denied*, 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973).

■ Before the district court petitioner indicated he wanted to pursue post-conviction relief pursuant to 28 U.S.C. § 2255 and

---

1. Chief Judge G. Thomas Eisele, United States District Court for the Eastern District of Arkansas.

that the "Issues of which I desires to Raise Must be Prove by the Jury Minuits" [sic]. On appeal petitioner only adds that he is "being deprived of important documents that will very well prove all of appellant's prior and future allegations in a court of law in reference to 'due process' and 'equal protection of law.'" These statements show no "particularized need" for grand jury materials, rather they are but an expression of a generalized hope by petitioner that he might find some defect in the grand jury proceedings. Such "fishing expeditions" do not provide sufficient grounds for disclosure prior to or at trial. *See Blumenfield v. United States*, 284 F.2d 46, 50 (8th Cir. 1960), *cert. denied*, 365 U.S. 812, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961); *United States v. Roethe*, 418 F.Supp. 1118, 1119–20 (E.D.Wis.1976); *United States v. Garcia*, 272 F.Supp. 286, 288 (S.D.N.Y.1967). And disclosure is even less justifiable in the instant case because ordinary defects in grand jury proceedings cannot be attacked by habeas corpus. *Cf. Little v. United States*, 524 F.2d 335, 336 (8th Cir. 1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 326 (1976).

In conclusion, since the instant petitioner was not entitled to the grand jury proceedings as a matter of right under either the Freedom of Information Act or the Federal Rules of Criminal Procedure, and no particularized need was shown which would justify disclosure, the district court properly denied the request.

The judgment is affirmed.