**UNITED STATES of America, Appellee,**

v.

**Burton A. LIBRACH, Appellant.**

**No. 79–1071.**

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1979.

Decided July 17, 1979.

**166**

Charles B. Blackmar, St. Louis, Mo., for appellant; John J. Relles, St. Louis, Mo., and Ronald L. Rothman, Clayton, Mo., on the brief.

Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty., on the brief.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

### ORDER

Burton A. Librach appeals from an order denying his motion for a new trial based on newly discovered evidence. He contends that the Government suppressed evidence that was favorable to his defense against criminal charges brought under 18 U.S.C. § 1001 (1976).[1] We vacate the district court order and remand for further proceedings.

In 1974, Librach was tried and convicted of filing a false claim and using a false document to obtain an urban renewal relocation payment of $9,700 from the Department of Housing and Urban Development. The following year this court reversed the conviction because the Government had suppressed evidence that it had paid its key witness, Robert Fowler, approximately $10,000 and that it had placed Fowler in protective custody. *United States v. Librach,* 520 F.2d 550 (8th Cir. 1975). Upon retrial in 1976, a jury again found Librach guilty of the crimes charged. We affirmed that conviction on appeal. 536 F.2d 1228 (8th Cir.), *cert. denied,* 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976).

On November 6, 1978, Librach filed the instant motion for a new trial based on new evidence that he had uncovered by means of an action brought under the Freedom of Information Act (FOIA).[2] This "newly discovered" evidence was known to the prosecution at the time of Librach's second trial but allegedly unknown to the defense. Librach contends that this new evidence, which included statements made by Fowler to the FBI, was favorable and material to his defense, and thus that the Government's suppression of that evidence called for a new trial. The district court, relying on *United States v. Frye,* 548 F.2d 765 (8th Cir. 1977), denied the motion for the following reasons:

> As noted by the government in response to the instant motion, the evidence is in general of an impeaching nature. A substantial amount is cumulative. Viewing the evidence separately and cumulatively, it is not of such a nature "as that, on a new trial, the newly discovered evidence would probably produce an acquittal". *Frye, supra.*

On appeal, Librach urges, and the Government concedes, that the *Frye* test does not apply to this case. As the Supreme Court stated in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976):

---

1. 18 U.S.C. § 1001 provides:

   Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent state-

ment or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. This court filed an opinion in one phase of Librach's FOIA lawsuit. *Librach v. Federal Bureau of Investigation,* 587 F.2d 372 (8th Cir. 1978), *cert. denied,* 440 U.S. 910, 99 S.Ct. 1222, 59 L.Ed.2d 459 (1979).

[T]he fact that [newly discovered] evidence was available to the prosecutor and not submitted to the defense places it in a different category than if it had simply been discovered from a neutral source after trial. For that reason the defendant should not have to satisfy the severe burden of demonstrating that newly discovered evidence probably would have resulted in acquittal. [*Agurs, supra* at 111, 96 S.Ct. at 2401 (footnote omitted).]

The Court in *Agurs* set forth three separate tests, each of which applies in a different situation involving the post-trial discovery of information that had been known to the prosecution but unknown to the defense:

1) Where "the undisclosed evidence demonstrates that the prosecution's case includes perjured testimony and that the prosecution knew, or should have known, of the perjury[,]" the conviction "must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Agurs, supra,* 427 U.S. at 103, 96 S.Ct. at 2397.

2) Where defense counsel makes a pretrial request for specific evidence, *e. g.,* the extrajudicial statements made by an accomplice, the conviction cannot stand if "the suppressed evidence might have affected the outcome of the trial." *Id.* at 104, 96 S.Ct. at 2398.

3) Where defense counsel makes a general request for all exculpatory material, or makes no request at all, reversible error has been committed "if the omitted evidence creates a reasonable doubt that did not otherwise exist." *Id.* at 112, 96 S.Ct. at 2402.

In the present case, various portions of the newly discovered evidence arguably fall within each of the three *Agurs* categories. The district judge, who presided over both of Librach's trials, is in the best position to determine whether any of the newly discovered evidence requires a new trial under the *Agurs* standards. Therefore, we vacate the district court order as based on an erroneous legal standard and remand for further proceedings consistent with this opinion.

The district court may, in its discretion, conduct a further evidentiary hearing. Upon making supplementary findings of fact and appropriate conclusions of law, the district court shall certify its ruling on Librach's new trial motion to this court. We request that the district court proceed as promptly as possible. Subject to this limited remand, we retain jurisdiction.

It is so ordered.