**UNITED STATES of America, Appellee,**

v.

**Burton A. LIBRACH, Appellant.**

**No. 79–1071.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1979.

Decided Nov. 28, 1979.

Charles B. Blackmar, St. Louis, Mo., for appellant; John J. Relles, St. Louis, Mo. and Ronald L. Rothman, Clayton, Mo., on brief.

Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief.

Before LAY, HEANEY, and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Appellant Burton A. Librach appeals the denial of his motion for a new trial on recently discovered new evidence which, he alleges, had been withheld deliberately by the Government at the time of trial. The district court (Hon. John F. Nangle) considered the new evidence under the standards set forth in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and denied the new trial motion. We affirm.

I.

In a prior opinion remanding this case to the district court, we reviewed the history of the present litigation. *United States v. Librach*, 602 F.2d 165 (8th Cir. 1979). Briefly, Librach was convicted of filing a false claim and using a false document to obtain an urban renewal relocation payment. This court reversed that conviction and ordered a new trial because the Government suppressed evidence that it had paid its key witness, Robert Fowler, and had placed him in protective custody. *United States v. Librach*, 520 F.2d 550 (8th Cir. 1975) (*Librach I*). At the new trial a second jury convicted Librach and we affirmed on appeal. *United States v. Librach*, 536 F.2d 1228 (8th Cir.), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976) (*Librach II*).

Having successfully obtained new information from the Government under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976),[1] once again Librach sought a new trial. The district court denied Librach's new trial motion. On appeal, we vacated the district court order and remanded for reconsideration in light of standards articulated in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), retaining jurisdiction over the appeal. *United States v. Librach*, 602 F.2d 165 (8th Cir. 1979) (*Librach III*). In remanding for reconsideration, we said:

> The district judge, who presided over both of Librach's trials, is in the best position to determine whether any of the newly discovered evidence requires a new trial under the *Agurs* standards. Therefore, we vacate the district court order as based on an erroneous legal standard and remand for further proceedings consistent with this opinion. [*Id.* at 167.]

The district court has reconsidered the appellant's motion in light of the *Agurs* tests, and in an unpublished opinion has

---

1. This court filed an opinion in one phase of Librach's FOIA lawsuit. *Librach v. Federal Bureau of Investigation*, 587 F.2d 372 (8th Cir. 1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1222, 59 L.Ed.2d 459 (1979).

denied relief to the appellant. The record as supplemented by proceedings on remand has been certified to us. The parties have submitted additional briefs relating to the district court's final order denying Librach a new trial. We now consider the merits of the appeal.

## II.

Librach's new trial motion focuses principally on previously undisclosed information affecting the credibility of two government witnesses: Robert Fowler, a crucial witness against appellant, and Timothy David Person, a witness of somewhat less importance. As to Fowler, appellant claims that the Government did not turn over information that on August 16, 1973, Fowler had made a statement to the FBI in which, contrary to his later testimony at trial, he denied soliciting or receiving kickbacks in connection with his employment at the St. Louis Land Clearance Redevelopment Authority. In addition, appellant maintains that new evidence, in the form of a June 20, 1974, statement by Fowler to the FBI and two teletype requests for witness protection for Fowler sent by the United States Attorney, establishes that someone other than Librach had threatened Fowler. Finally, appellant alleges that the Government allowed Fowler to testify falsely: (1) that the Government did not prosecute him because of his ill health when he actually had received immunity for cooperation; and (2) that he (Fowler) had participated in more than two but less than ten fraudulent renewal relocation transactions when he actually had engaged in over fifty.

With respect to witness Person, appellant charges that new evidence discloses that Person testified under an informal promise of immunity and that the Government concealed this arrangement.

The district court considered and rejected each of Librach's contentions relating to witness Fowler under the tests set forth in *Agurs*. With regard to Fowler's initial de-

nial of complicity to the FBI, the district court determined:

> The Court is totally unable to conclude that this evidence might have affected the trial's outcome or might have created a reasonable doubt that might [not] otherwise exist. Fowler was subjected to extensive cross-examination by counsel for defendant. That he had originally denied any involvement in criminal activity could not possibly have the impact upon the trial that defendant infers. The fact that Fowler, upon admitting involvement, originally did not implicate defendant was known to defendant and was a basis of cross-examination.

The district court also found no support for the new trial motion based on Fowler's testimony about receiving threats. Noting that the defendant, not the Government, had focused on the nature of the threats, the trial court concluded that Fowler's statements to the FBI did not exculpate Librach, and that the proceedings at trial "preclude the conclusion that the evidence might have affected the outcome of the trial or created a reasonable doubt that did not otherwise exist." Furthermore, the court found the teletypes from the United States Attorney to be irrelevant on the issue of who threatened Fowler.

The trial court also rejected appellant's claim for a new trial based upon his allegation that the Government concealed Fowler's false testimony at the trial. In particular, the court questioned whether Fowler could be said to have testified falsely that he had not received immunity from prosecution.

> The record fails to reveal that immunity was ever granted, although approval to grant the same had been given. Fowler emphatically denied that he had, in fact, been given immunity and the area was the subject of much cross-examination. The record simply fails to support defendant's contention and the Court concludes, upon a review of the record herein, that these documents do not support any reasonable likelihood that the testimony, as-

suming *arguendo* that the same is false, could have affected the jury's judgment.[2]

Finally, as to the information concerning Person, the district court determined:

The documents involving requests for and approval of a grant of immunity of Person are irrelevant herein where there is no evidence that Person was ever granted immunity or knew that a request for the same had even been sought. It is this Court's conclusion that a witness' lack of knowledge that he could be granted immunity should he refuse to testify could not possibly affect the outcome of the trial, or create a reasonable doubt that did not otherwise exist.

In summary, after considering all the information advanced by *Librach* as a basis for new trial under *United States v. Agurs, supra,* the district court concluded:

This Court has presided over two trials herein. Following his second conviction, defendant did not even challenge the sufficiency of the evidence presented. The documents submitted by defendant in support of his motion for a new trial do not give rise to even the slightest doubt in this Court's mind that the same would have affected the judgment of the jury, the outcome of the trial or create a reasonable doubt that did not otherwise exist.

The trial court's firsthand appraisal of the record was "thorough and entirely reasonable." *United States v. Agurs, supra,* 427 U.S. at 114, 96 S.Ct. 2392. Clearly, the presiding judge at both prior trials is in the best position to evaluate whether the new evidence could have affected the judgment of the jury or the outcome of the trial. In the main, the newly discovered evidence represents impeachment material affecting the credibility of prosecution witnesses, not evidence pertaining to the quality and nature of Librach's conduct bearing on guilt or innocence. Furthermore, we must take

into account that, save for some difference in the quality of impeachment evidence, two different juries have determined Librach's guilt on substantially similar evidence.

The trial judge has carefully reviewed the contentions made by Librach in conformity with our remand instructions. In light of the whole record, we conclude that the trial court did not err in holding that the evidence allegedly suppressed by the prosecution does not justify a third trial.

Accordingly, we affirm.

---

2. Although the district court did not specifically comment on the allegation that the Government permitted Fowler to testify falsely that he had engaged in more than two but less than ten fraudulent relocation transactions when in truth Fowler had engaged in fifty such false transactions, the trial court's opinion appears to encompass all testimony alleged to be false. Further, we observe that appellant's proof fails to show any admission by Fowler himself of complicity in fifty fraudulent relocation matters.