Phillip Anthony BONADONNA

v.

UNITED STATES DEPARTMENT
OF JUSTICE.

Civil Action No. 09–40011–RWZ.

United States District Court,
D. Massachusetts.

Feb. 22, 2010.

Philip A. Bonadonna, Ayer, MA, pro se.

Michael P. Sady, United States Attorney's Office, Boston, MA, for United States Department of Justice.

## ORDER

ZOBEL, District Judge.

Plaintiff Phillip Bonadonna filed this action pursuant to the Freedom of Information Act ("FOIA") to compel the Department of Justice ("DOJ") to produce information concerning an individual allegedly enrolled in the federal witness security program, Russell Zollner Jr.[1]

Bonadonna was convicted of multiple drug crimes after a 1984 trial in the Northern District of Georgia at which Zoll-

---

1. The record includes many different spellings of this individual's last name. One spelling, "Zollner," is used herein for the sake of consistency.

ner Jr. testified. In 1988 he filed a Fed. R.Crim.P. 33 motion for a new trial on the basis of an affidavit from Russell Zollner Sr. which contradicted trial testimony of Zollner Jr.[2] At the Rule 33 motion hearing the court inquired into the whereabouts of Zollner Jr. and was informed by an assistant United States attorney that Zollner Jr. was killed in a plane crash. In 2006 Bonadonna filed a FOIA request with the DOJ seeking "confirmation of the death of Russell Lawrence Zollner, Jr., in a plane crash." (Letter from plaintiff to Executive Office of the United States Attorney, Docket # 1 Ex. A.) The DOJ denied his FOIA request and directed him to contact the DOJ's Witness Security and Special Operations Unit, which ultimately declined to release any information about Zollner Jr.'s alleged participation in the witness security program. He now asks this court to compel the DOJ to confirm the death of Zollner Jr. Defendant moves to dismiss.

 The witness security program information that Bonadonna seeks is exempt from FOIA disclosure requirements. First, FOIA "does not apply to matters that are ... specifically exempted from disclosure by statute ... provided that such statute ... establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3) (2006). The Witness Security Reform Act of 1984 authorizes the Attorney General to:

> refuse to disclose the identity or location ... or any other matter concerning the person [in witness security] or the program after weighing the danger such a disclosure would pose to the person, the detriment it would cause to the general effectiveness of the program, and the benefit it would afford to the public or to the person seeking the disclosure.

**2.** The court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in plaintiff's favor. *Sutliffe v.*

18 U.S.C. § 3521(b)(1)(G) (2006). The information sought by plaintiff falls squarely within the ambit of this statute, information concerning the life or death of a person in witness security. The information is therefore exempt from disclosure by FOIA. *See Librach v. FBI*, 587 F.2d 372, 373 (8th Cir.1978).

Second, the information "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). The confirmation or denial of death has the same effect as confirming or denying life. Such a disclosure clearly implicates the safety of Zollner Jr., if he is still alive, and disclosure of this type of information has security implications for all others currently in witness security.

 If Bonadonna is also challenging the Attorney General's exercise of discretion not to confirm the death of Zollner Jr., his challenge fails. The Attorney General is required to weigh the dangers of disclosure against the benefit that would accrue to Bonadonna, *see* 18 U.S.C. § 3521(b)(1)(G), but Bonadonna did not respond to repeated DOJ questions asking why he wanted the information and how he intended to use it. The court also notes that Bonadonna waited 18 years after his Rule 33 motion before filing this FOIA request.

Defendant's motion to dismiss (Docket # 13) is ALLOWED. Plaintiff's motion to inform the court (Docket # 15) is DENIED AS MOOT, and his motion for extension of time (Docket # 16) is ALLOWED.

*Epping Sch. Dist.*, 584 F.3d 314, 325 (1st Cir.2009).